UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-143-KSF

TAYLOR DOUGLAS, et al.                                                                     PLAINTIFFS

v.                                          **OPINION & ORDER**

LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT, et al.                                                DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendants for summary judgment [DE #42] pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.  This matter has been briefed and is now ripe for review.

## I.    INTRODUCTION

The plaintiffs, Ardonna Angel, Taylor Douglas, and Stephanie Maggard, have filed this civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of federal and state law.  The named defendants are: the Lexington-Fayette Urban County Government ("LFUCG" or "government"), Teresa Isaac, individually and in her official capacity as Mayor; Anthany Beatty, individually and in his official capacity as Police Chief; Kevin Sutton, individually and in his official capacity as Assistant Police Chief; James Turley, individually and in his official capacity as Police Captain; Richard Willoby, individually and in his official capacity as Police Lieutenant; Rick Henniger, individually and in his official capacity as Training Manager; Jeff Adams, individually and in his official capacity as Communications Shift Manager; and Debra Jo Robinson, individually and in her official capacity as Communications Shift Manager.  The plaintiffs' allegations arise out of their employment at the Government's 911 call center, also known as the communications center.

Count One of the plaintiffs' complaint alleges that the defendants violated their right to due process under the Fourteenth Amendment to the United States Constitution.  Count Two alleges that the defendants damaged and impugned the plaintiffs' good name, reputation, honor and integrity, thus discrediting their employment potential and violating their liberty interest.  Counts Three, Four and Five allege that the defendants discouraged the plaintiffs from speaking out against their supervisors and prevented them from exercising their right to free speech as guaranteed by the First Amendment to the United States Constitution.

The remaining counts of the plaintiffs' complaint are based on state law.  Count Six alleges that the plaintiffs were subjected to workplace reprisals as a result of complaining about issues of workplace discrimination, mismanagement, workplace retaliation, and abusive conduct of supervisors in violation of the Kentucky Whistle Blowers Statute, KRS § 61.102.  Count Seven alleges that the defendants engaged in discrimination against the plaintiffs based on their sex in violation of KRS § 344.040.  In Count Eight, the plaintiffs assert a claim for intentional infliction of emotional distress and in Counts Nine and Ten, the plaintiffs assert a claim for negligent supervision.  The plaintiffs seek compensatory and punitive damages, reinstatement, and attorneys' fees.

## II.   SUMMARY JUDGMENT STANDARD

The defendants have filed a motion for summary judgment, asserting various defenses to the plaintiffs' claims.  Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."  In essence, "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The court must view the evidence in a light most favorable to the nonmovant, as well as draw all reasonable inferences in the nonmovant's favor. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-1211 (6th Cir. 1984).  The court, however, must not judge the evidence or make findings of fact.  *60 Ivy Street Corporation v. Alexander*, 822 F.2d 1432, 1436 (6th Cir. 1987).  The moving party bears the burden of demonstrating the absence of all genuine issues of material fact, and this burden may be discharged by showing that there is an absence of evidence to support the nonmoving party's case.  *Celotex Corp.*, 477 U.S. at 325.  Once the moving party discharges the burden, it then shifts to the nonmoving party to present specific facts showing a genuine triable issue.  Fed. R. Civ. P. 56(e).

## III.   ANALYSIS

Before addressing the plaintiffs' state law claims, the Court first turns to the federal claims on which this Court's jurisdiction is grounded.  Should the defendants prevail on their motion for summary judgment with respect to the federal claims, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367.

The plaintiffs' complaint, filed pursuant to 42 U.S.C. § 1983, alleges violation of their due process rights, liberty interests and right to free speech as guaranteed by the First and Fourteenth Amendment to the United States Constitution.  To prevail on a § 1983 claim, the plaintiffs must establish that a person acting under color of law deprived them of a right secured by the Constitution or the laws of the United States.  *Sample v. Bailey*, 409 F.3d 689, 695 (6th Cir. 2005).  To prevail on a § 1983 claim against the government, the plaintiffs must show that the alleged federal right violation occurred because of a municipal policy or custom.  *Monnell v. Dep't of Social Services*,

436 U.S. 658, 694 (1978)

The individual defendants argue, however, that they are entitled to the absolute defense of qualified immunity with respect to the plaintiffs' federal claims. "Qualified immunity is a government officials' 'entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz*, 533 U.S. 194, 200 (2001)(quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Supreme Court has delineated a two-part test in order to determine the applicability of the qualified immunity. *Saucier*, 533 U.S. at 194. First, the court must ask whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [official's] conduct violated a constitutional right?" *Id.* at 201. If the party asserting the injury was deprived of his constitutional rights, then the court must go on to ask whether that right was clearly established. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Id.* at 202. With these principles in mind, the Court now turns to the plaintiffs' federal claims.

## A.     PROCEDURAL DUE PROCESS

Without much elaboration, the plaintiffs allege that they were not fully afforded their procedural due process rights with respect to their suspensions and terminations from employment. The Fourteenth Amendment's guarantee of procedural due process assures that the deprivation of life, liberty, or property "be preceded by notice and opportunity for a hearing appropriate to the nature of the case." *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532 (1986). When faced with a claim for violation of due process rights, federal courts engage in a two-step analysis. First, the court must determine whether a protected property interest exists, and second, what procedures are required to protect that interest. *Singfield v. Akron Metropolitan Housing Auth.*, 389 F.3d 555, 565 (6th Cir. 2004); *Johnston-Taylor v. Gannon*, 907 F.2d 1577, 1581 (6th Cir. 1990).

Generally, state civil servants may have a property interest in continued employment under certain circumstances and must be afforded due process before being discharged.  *Loudermill*, 470 U.S. 538; *Relford v. Lexington-Fayette Urban County Government*, 390 F.3d 452, 460 (6th Cir. 2004).  However, courts must look to an independent source, such as state law, to determine whether or not a property interest exists.  *Loudermill*, 470 U.S. at 539.  A showing that a civil servant may be fired only for cause, by operation of state contract law, statute, administrative rules and regulations is sufficient to satisfy the first step of the analysis.  *Farhat v. Jopke*, 370 F.3d 580, 595 (6th Cir. 2004).

The defendants concede that under Kentucky law, the plaintiffs had a property interest in continuing their employment based on certain rights, expectations and procedural protections for employees contained in KRS § 67A.280.  This statute provides that civil service employees against which charges are brought have a right to a hearing before the Civil Service Commission to address those charges.  Once the Civil Service Commission renders its decision, the employee has the right to appeal the decision to the Circuit Court.  KRS § 67A.290.  Consequently, the plaintiffs have established that they had a property interest sufficient to trigger the second step of the analysis.

In Angel's case, she was charged on November 18, 2005 with malicious behavior and suspended without pay for 80 hours. [DE #42-21]  However, she was afforded a hearing before the Civil Service Commission on March 15, 2006.  After considering Angel's testimony and the other evidence presented, the Civil Service Commission voted unanimously that Angel should receive only a written reprimand for the malicious behavior, overturning the LFUCG's requested suspension. [DE #42-21]  The defendants contend, and the plaintiffs do not deny, that Angel failed to file any appeal of the Civil Service Commission's decision to the Circuit Court as allowed by state law.  Angel clearly received adequate procedural due process of law, and as there was no constitutional

violation, the defendants are entitled to qualified immunity on Angel's due process claim.  Moreover, because the plaintiffs have not established any violation of Angel's procedural due process right resulting from a municipal policy or custom, the official defendants are entitled to summary judgment on this claim.

With respect to Douglas, she was charged with malicious behavior and suspended without pay for 80 hours.  [DE # 42-24, 25].  Douglas requested and was afforded a hearing before the Civil Service Commission pursuant to KRS § 67A.280, on April 5, 2006.  Upon review of her testimony and the other evidence presented,  the Civil Service Commission dismissed the charges for malicious behavior but upheld Douglas' termination on April 10, 2006. [DE # 42-25] The defendants contend, and the plaintiffs do not deny, that Douglas failed to file an appeal of the Civil Service Commission's decision to terminate her employment to the Circuit Court as allowed under state law.  Because she requested and received a hearing, and then failed to fully exhaust her administrative remedies thereby waiving whatever remained of her procedural due process claim, *Farhat*, 370 F.3d at 597, the individual defendants are entitled to qualified immunity on the plaintiffs' procedural due process claim with respect to Douglas.  Similarly, because the plaintiffs have failed to establish that any of Douglas' procedural due process rights were violated as a result of a government policy or custom, the official defendants are also entitled to summary judgment on this claim.

Finally, with respect to Maggard, the defendants contend that Maggard informed them that she was unable to maintain gainful employment at the current time or in the future and requested that the government initiate termination proceedings against her.  According to the defendants, Maggard received written notification of her termination and was afforded an opportunity for a due process hearing before the Civil Service Commission, which she allegedly declined.  The defendants further allege that Maggard failed to appeal her termination to the Circuit Court, as allowed under state law.

Although the plaintiffs do not specifically challenge the defendants' allegations with respect to the procedural due process allegedly afforded Maggard, the Court is unable to find any support for the defendants' assertions in the record.  Without proof that what the defendants say occurred actually took place, the Court is unable at this time to determine what process Maggard actually received.  However, the Court will allow the defendants fifteen days to supplement their motion for summary judgment with respect to Maggard's procedural due process claim.

**B.   SUBSTANTIVE DUE PROCESS**

The plaintiffs' complaint also asserts a substantive due process claim.  Specifically, the plaintiffs contend that the defendants' efforts to suspend and terminate Maggard and Douglas' employment, and to suspend Angel, were arbitrary and capricious abuses of power and did not afford the plaintiffs proper due process protections.  Further, the plaintiffs argue that the defendants impugned the good name, reputation, honor and integrity of the plaintiffs by harassing and retaliating against them, thereby discrediting their employment potential and abridging their liberty interest.  An injury to one's reputation implicates the liberty interest component of the Fourteenth Amendment's Due Process Clause when the injury occurs in connection with an employee's termination.  *Board of Regents v. Roth,* 408 U.S. 564,  573 (1972); *see also McMaster v. Cabinet for Human Resources*, 824 F.2d 518, 522 (6th Cir. 1987) (a substantive due process right may be implicated when a public employee is discharged for reasons that shock the conscience).  The violation of a fundamental right, however, is necessary for a substantive due process claim.  *See Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1350 (6th Cir. 1992).

When a plaintiff alleges that her employer has created a false and defamatory impression about a particular employee in connection with her termination from employment, the Sixth Circuit has identified five factors that a plaintiff must show in order to establish that she was deprived of a

liberty interest and is entitled to a name-clearing hearing. *Quinn v. Shirey*, 293 F.3d 315, 320 (6ᵗʰ Cir. 2002). These factors are as follows:

(1)  The stigmatizing statement must be made in conjunction with the plaintiff's termination from employment;

(2)  A plaintiff is not deprived of his liberty interest when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance;

(3)  The stigmatizing statements or charges must be made in public;

(4)  The plaintiff must claim that the charges made against her are false; and

(5)  The public dissemination must have been voluntary.

*Id.*; *see Brown v. City of Niota*, 214 F.3d 718, 722-23 (6ᵗʰ Cir. 2000).  Because Angel's employment has not been terminated, her claim fails as a matter of law and the individual defendants are entitled to qualified immunity on the plaintiffs' claims with respect to an alleged violation of Angel's substantive due process rights.  Additionally, because the plaintiffs failed to show that a government policy or custom violated Angel's substantive due process rights, the official defendants are also entitled to summary judgment on this claim.

With respect to Douglas, even assuming that she can satisfy all five prongs of the analysis, the record reveals that she indeed was afforded a name-clearing hearing.  After her termination, Douglas appealed to the Civil Service Commission and was afforded a due process hearing on April 5, 2006.  At the hearing, she was represented by counsel and afforded an opportunity to both subpoena and cross-examine witnesses.  At the conclusion of the hearing, the Civil Service Commission upheld her termination and she was officially terminated on April 10, 2006.  [DE #42-24, 25] Other than the plaintiffs' vague assertions of violation of Douglas' liberty interest, the plaintiffs have failed to show the violation of any fundamental right sufficient to rise to the "shock

the conscience" standard required for substantive due process violations.  In other words, even accepting the plaintiffs' alleged facts with regard to Douglas' termination as true, the plaintiffs have failed to demonstrate that the defendants' conduct in terminating her employment constituted unconstitutionally arbitrary action that shocks the conscience.  Therefore, the individual defendants are entitled to qualified immunity on the plaintiffs' substantive due process claims with respect to Douglas' termination, and the official defendants are also entitled to summary judgment as there has been no showing that a governmental policy resulted in the violation of her substantive due process rights.

However, with respect to Maggard, the defendants have failed to submit any evidence in support of their conclusory claims that she was afforded any hearing in relation to her termination. Accordingly, within fifteen days of entry of this Order, the defendants shall supplement their motion for summary judgment with respect to the plaintiffs' claim based on the alleged violation of Maggard's substantive due process rights.

### C.    FIRST AMENDMENT

In support of their claims that the defendants violated their right to free speech as guaranteed by the First Amendment, the plaintiffs argue that the defendants directed them to follow the chain of command when presenting their employee grievances and discouraged them from speaking out on issues related to discrimination, mismanagement, and policy.  The defendants respond that because the plaintiffs' speech did not involve a matter of public concern, it is not protected speech, and therefore they are entitled to qualified immunity on the plaintiffs' First Amendment claim.

The Supreme Court of the United States addressed the government's ability to regulate the speech of its employees in *Waters v. Churchill*, 511 U.S. 661 (1994).  In general, the government has far broader discretion to regulate the speech of its employees than it does as a sovereign regulating

the speech of its citizens.  For example, constructive criticism by a government employee about some functioning of the branch of government for which he or she works, can be a legitimate matter of public concern because the employee is uniquely qualified to comment because of their job status. *City of San Diego v. Roe*, 543 U.S. 77, 80 (2004).  However, these statements are only protected "if they do not primarily involve comments about employment that are personal in nature."  *Id*. at 83.

Determining whether the speech at issue in a particular case involves a matter of public concern is a question of law for the court.  *Bonnell v. Lorenzo*, 241 F.3d 800, 809-810 (6th Cir. 2001). In this circuit, when determining whether the speech involves a matter of public concern, courts look to the following: "the focus of the speech; the point of the speech in question; to what purpose the employee spoke; the intent of the speech; or the communicative purpose of the speaker."  *Farhat*, 370 F.3d at 592 (internal quotations omitted).  Additionally, "the proper inquiry is *not* what might be 'incidentally conveyed' by the speech, and that 'passing' or 'fleeting' references to an arguably public matter does not elevate the speech to a matter of 'public concern' where the 'focus' or 'point' of the speech advances only a private interest."  *Id*. at 592-93 (citing *Rodgers v. Banks*, 344 F.3d 587, 598-98 (6th Cir. 2003).

In this case, a review of the record reveals that the matters on which the plaintiffs contend they were discouraged from speaking out on or filing grievances were not matters of public concern. Rather, the majority of the plaintiffs' complaints related to their dissatisfaction with sick leave policy and the managerial styles of their supervisors.  Even the plaintiffs' complaints about the job performance of their coworkers do not rise to a matter of public concern, because the intent of the plaintiffs was not to protect public safety, but rather to complain about the management's response to the situation.  *See Connick v. Myers*, 461 U.S. 138 (1983).  In other words, the primary "focus," "point" or "communicative purpose" of the plaintiffs' complaints and grievances were their own

personal gripes with management. Any passing references to public safety were "incidental to the message conveyed." *See Rodgers*, 344 F.3d at 597. Thus, the plaintiffs have failed to establish a violation of their right to free speech, and the individual defendants are entitled to qualified immunity on the plaintiffs' First Amendment claim. Because the plaintiffs have failed to establish any violation of their First Amendment rights resulting from any government policy or custom, the official defendants are also entitled to summary judgment on this claim.

## IV.   CONCLUSION

For the reasons set forth above, and the Court being fully and sufficiently advised, IT IS HEREBY ORDERED as follows:

(1)    The defendants' motion for summary judgment [DE #42] is GRANTED IN PART with respect to all the plaintiffs' federal claims, with the exception of Maggard's Fourteenth Amendment procedural and substantive due process claims, and PASSED in all other respects;

(2)    the plaintiffs' Fourteenth Amendment procedural and substantive due process claims with respect to Angel and Douglas, and all the plaintiffs' First Amendment claims are DISMISSED WITH PREJUDICE;

(3)    WITHIN FIFTEEN DAYS of entry of this Opinion & Order, the defendants shall FILE a supplemental motion for summary judgment with respect to Maggard's claims based on the defendants' alleged violation of her Fourteenth Amendment procedural and substantive due process rights;

(4)    WITHIN THIRTY DAYS of entry of this Opinion & Order, the plaintiffs may FILE a response to the defendants' supplemental motion for summary judgment; and

(5)    This matter REMAINS PENDING on the plaintiffs' Fourteenth Amendment procedural and substantive due process claims with respect to Maggard, as well as the plaintiffs' state law claims.

This 7th day of November, 2007.



Signed By:

***Karl S. Forester*** K S F

**United States Senior Judge**