UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-143-KSF

TAYLOR DOUGLAS, et al.                                                                                          PLAINTIFFS

v.                                              **OPINION & ORDER**

LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT, et al.                                                                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

On November 7, 2007, this Court entered its Opinion & Order granting in part the defendants' motion for summary judgment with respect to the plaintiffs' federal claims, with the exception of plaintiff Stephanie Maggard's procedural and substantive due process claims, which were passed to allow further briefing. [DE # 59] The defendants subsequently filed their supplemental motion for summary judgment addressing Maggard's procedural and substantive due process claims [DE # 62], to which the plaintiffs have now responded. [DE # 65] The relevant factual and procedural history is outlined in the Court's November 7, 2007 Opinion & Order and will not be repeated herein.

**I.      PROCEDURAL DUE PROCESS**

Turning first to the defendants' supplemental motion with respect to Maggard's procedural due process claims, the Court notes that there is no dispute that on September 21, 2005, Maggard was found by a physician to be unable to return to duty until further notice. [DE # 43, Ex. 27] It is also undisputed that the record reveals that Maggard exhausted all available leave on February 15, 2006 and that she has been absent without leave from her position since that date. [DE # 62, Ex.2]

The plaintiffs also do not dispute that on March 29, 2006, Maggard was put on notice that unless she was able to return to full duty with a medical release, charges for her dismissal would be filed. [*Id*.] In an April 2006 telephone conversation with a representative with the LFUCG Division of Human Resources, Maggard was afforded an opportunity to present her side of the story, and indicated that she would only return if the alleged hostile work environment was remedied. During that conversation, Maggard claims that she was informed that she was terminated and could file for unemployment to find another job. [DE # 65, Ex. 2]

Thereafter, on June 2, 2006, formal charges for dismissal were filed against Maggard based on her absence from work. [DE # 62, Ex. 2] On July 6, 2006, Maggard was informed in writing that a hearing before the Civil Service Commission on her charges for dismissal was scheduled for August 16, 2006. [DE # 62, Ex. 4] On the day of the hearing, counsel for Maggard informed the LFUCG that Maggard would not attend the scheduled hearing. [DE # 62, Ex.5]

At the hearing on August 16, 2006, the Civil Service Commission heard the charges against Maggard, and found in favor of the LFUCG, thus upholding Maggard's termination. [DE # 62, Ex. 6] By letter dated August 17, 2006, Maggard was provided a copy of the Civil Service Commission's order and informed that her termination was upheld. [DE # 62, Ex.5] Maggard did not file an appeal of the decision to the Fayette Circuit Court as allowed under Kentucky law. KRS § 67A.290.

The Court must now determine whether Maggard received sufficient procedural due process with respect to her termination. Prior to the termination of a public employee who has a property interest in her employment, the due process clause only requires that the employee be given "oral or written notice of the charges against him or her, an explanation of the employer's evidence, and an opportunity to present his or her side of the story to the employer." *Buckner v. City of Highland*

*Park*, 901 F.2d 491, 494 (6th Cir. 1988) (citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985)). "To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." *Loudermill*, 470 U.S. at 546. At this stage, "the employee does not have a right to, and the Constitution does not require, a neutral and impartial decisionmaker." *Farhat v. Jopke*, 370 F.3d 580, 595 (6th Cir. 2004).

The fact that Maggard had exhausted her leave and was not going to return to work under the circumstances as they then existed is not disputed. Although Maggard contends she could have returned to work if the alleged hostile work environment were remedied, she does not argue that she attempted to return to work and was denied the opportunity. Certainly, based on the circumstances and the March 29, 2006 notice that charges for dismissal were imminent, Maggard knew that termination was imminent and she knew the reason for her termination was her failure to report to work. Moreover, during the April 2006 phone call with the representative from the LFUCG Division of Human Resources, Maggard had an opportunity to present her side of the case and argue that she would return to work if the hostile work environment was remedied. Even though the defendants rejected Maggard's offer to return to work, she indeed received all the due process required prior to her termination - notice of the charges and evidence against her and an opportunity to present her side of the story.

Additionally, the formal post-termination proceedings conducted by the defendants fully satisfy the due process requirements. Formal charges of dismissal were ultimately filed against Maggard on June 2, 2006, and she was notified that a hearing before the Civil Service Commission was set for August 16, 2006. At the hearing, which Maggard declined to attend, the Civil Service Commission considered the charges of dismissal and found in favor of the LFUCG, upholding her

termination. Maggard failed to file any appeal of the Civil Service Commission's decision, as allowed by Kentucky law. Certainly, the defendants' pre-termination and post-termination procedures fully satisfy all due process requirements.

Moreover, Maggard's failure to pursue the administrative remedies provided by Kentucky law prevents her from pursuing a procedural due process claim in federal court. As the Sixth Circuit has explained, "[t]he law is well-established that it is the opportunity for a post-deprivation hearing before a neutral decisionmaker that is required for due process. As long as the procedural requirements are reasonable and give the employee notice and an opportunity to participate meaningfully, they are constitutionally adequate." *Farhat*, 370 F.3d at 596. If the government provides this opportunity, and "the employee refuses to participate or chooses not to participate in the post-termination proceedings, then the employee has waived his procedural due process claim." *Id*.

Maggard clearly received adequate procedural due process of law, and waived her right to assert a procedural due process claim. As there was no constitutional violation, the defendants are entitled to qualified immunity on Maggard's procedural due process claim. Moreover, because the plaintiffs have not established any violation of Maggard's procedural due process rights resulting from a municipal policy or custom, the official defendants are entitled to summary judgment on this claim.

## II. SUBSTANTIVE DUE PROCESS

Turning next to the plaintiffs' substantive due process claims based on Maggard's termination, the Court finds that the defendants did not deprive Maggard of any liberty interest sufficient to trigger the right to a name-clearing hearing. When a plaintiff alleges that her employer has created a false and defamatory impression about a particular employee in connection with her

termination from employment, the Sixth Circuit has identified five factors that a plaintiff must show in order to establish that she was deprived of a liberty interest and is entitled to a name-clearing hearing. *Quinn v. Shirey*, 293 F.3d 315, 320 (6th Cir. 2002). These factors are as follows:

(1) The stigmatizing statement must be made in conjunction with the plaintiff's termination from employment;

(2) A plaintiff is not deprived of his liberty interest when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance;

(3) The stigmatizing statements or charges must be made in public;

(4) The plaintiff must claim that the charges made against her are false; and

(5) The public dissemination must have been voluntary.

*Id.*; *see Brown v. City of Niota*, 214 F.3d 718, 722-23 (6th Cir. 2000).  Although Maggard satisfies the first element in that the parties agree she was terminated, with respect to the second element, the plaintiffs have failed to show that the defendants alleged anything more than neglect of duty based upon her failure to report to work.  While the activities and decision of the Civil Service Commission in reaching its decision to terminate Maggard are indeed public, thus satisfying the third element, the plaintiffs have failed to even allege that any of the charges made against her with respect to her termination are false as required by the fourth element.  Finally, although the decision of the Civil Service Commission is public, the Sixth Circuit has held that public dissemination made by or pursuant to an ordinance or law is not a voluntary disclosure as required to implicate a liberty interest. *Chilingirian v. Booris*, 882 F.2d 200, 205-06 (6th Cir. 1989).  Thus, the plaintiffs are unable to satisfy all of the requirements necessary to require a name-clearing hearing.

However, even if Maggard were entitled to a name clearing hearing, she was afforded a hearing before the Civil Service Commission on August 16, 2006.  Maggard failed to attend this

hearing, thereby waiving any substantive due process claim. Therefore, the individual defendants are entitled to qualified immunity on the plaintiffs' substantive due process claims with respect to Maggard's termination, and the official defendants are also entitled to summary judgment as there has been no showing that a governmental policy resulted in the violation of her substantive due process rights.

### III. SUPPLEMENTAL JURISDICTION

The plaintiffs' remaining claims were brought under the Kentucky law. The supplemental jurisdiction statute, 28 U.S.C. § 1367, explicitly allows a trial court to dismiss pendent state law claims where all federal claims have been dismissed.[1] Moreover, this Court has engaged in a consideration of "the interests of judicial economy and the avoidance of multiplicity of litigation and [has] balance[d] these interests against needlessly deciding state law issues" and concludes that dismissal of the plaintiffs' state law claims is warranted. *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

The Sixth Circuit has repeatedly held that as a general matter where the federal claims are dismissed before trial, pendent state claims should be dismissed as well. *Id.; see also Estate of Brouhard By and Through Brouhard v. Village of Oxford*, 990 F. Supp.839, 843-44 (E.D. Mich. 1997) (citing cases). Discovery has been completed in this case and there is no reason to think that much will be required of the state court other than to decide the present motion with respect to the

---

[1] This section states in part that:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if– . . . the district court has dismissed all claims over which it has original jurisdiction . . . .

28 U.S.C. § 1367(c)(3).

remaining state law issues. In the present case, multiplicity of litigation is not an issue and this Court can avoid needlessly deciding state law issues by way of remand. Therefore, the Court will, in its discretion, dismiss the plaintiffs' state law claims without prejudice to refiling in state court.

IV.   **CONCLUSION**

For the reasons set forth above, and the Court being fully and sufficiently advised, IT IS HEREBY ORDERED as follows:

(1) The defendants' motion for summary judgment [DE #42] and supplemental motion for summary judgment [DE # 62] are GRANTED to the extent that the plaintiffs' procedural and substantive due process claims with respect to Maggard are DISMISSED WITH PREJUDICE;

(2) The plaintiffs' supplemental state law claims are DISMISSED WITHOUT PREJUDICE;

(3) a judgment in favor of the defendants will be entered contemporaneously with this Opinion & Order;

(4) the trial of this matter currently schedule for January 8, 2008 is SET ASIDE;

(5) this matter is STRICKEN from the active docket of the Court; and

(6) this is a final and appealable order and no just cause for delay exists.

This December 12, 2007.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge